UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARTHA S. NANDI,

    Plaintiff,

v.                                          CASE NO: 14-12044
                                               HONORABLE VICTORIA A. ROBERTS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

**I.    INTRODUCTION**

This is a tax refund case. Partha S. Nandi ("Nandi") brought this action seeking a refund of $187,326.23 paid in late filing and late payment penalties assessed by the Internal Revenue Service (IRS) for tax years 2008 and 2009. This case presents two issues as a matter of law: (1) Did Nandi duly file claims for refund for the years 2008 and 2009?; and (2) Did Nandi timely file extensions to file his 2008 and 2009 income tax returns?

Because Nandi failed to duly file claims for refund with the IRS for tax years 2008 and 2009 before bringing this action, the Court lacks subject matter jurisdiction and Nandi's complaint is dismissed. The Court does not address whether Nandi timely filed extensions to file his income tax return for years 2008 and 2009. Nandi's motion for summary judgment is MOOT; the Court cannot consider it since it lacks jurisdiction.

1

I.     BACKGROUND

On March 24, 2015, Nandi and the United States jointly stipulated to facts. The following is a summary of material facts undisputed by the parties.

For tax year 2008, Nandi filed a request for an extension to file his 2008 income tax return and included a payment of $307,601 with that extension request. Nandi alleges that he placed the envelope containing the request and payment in regular mail on April 15, 2009. The extension request and the payment were posted to IRS records on April 27, 2009. Nandi filed his 2008 income tax return on October 15, 2009. For 2008, the IRS assessments included late filing and late payment penalties totaling $93,575.70 because Nandi's extension request was received after the April 15th deadline.

For tax year 2009, Nandi filed a request for an extension of time to file his 2009 income tax return and included a payment of $312,000 with that request. Nandi alleges that he placed the envelope containing the request and payment in regular mail on April 15, 2010. The request and payment were posted to IRS records on April 28, 2010. Nandi filed his 2009 income tax return on October 15, 2010. For 2009, the IRS assessments included late filing and late payment penalties totaling $93,750.53 because Nandi's extension request was received after the April 15th deadline.

Nandi seeks a refund of these late filing fees and late payment penalties in the total amount of $187,326.23. He alleges that the Taxpayer Advocate Service (TAS) filed claims for refund on his behalf for the years 2008 and 2009. Nandi submitted a letter from TAS, dated May 22, 2012, stating that TAS advocated on his behalf by submitting Form 843 'Claim for Refund and Request for Abatement' to the IRS. The TAS letter also states that the IRS denied the refund claims for both tax years at issue.

**III.    DISCUSSION**

The Court lacks subject matter jurisdiction over this case pursuant to 26 U.S.C. § 7422(a). Section 7422(a) states:

> No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The Sixth Circuit in *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013), explained that in determining whether the jurisdictional requirement of a "duly filed" claim has been satisfied, the taxpayer must show he timely filed a claim for a refund "within 3 years from the time the tax return was filed." *Id.* (citing 26 U.S.C. § 6511(a)). The Sixth Circuit also held that, "the taxpayer has the burden of establishing the existence of federal court jurisdiction." *Miller v. United States*, 784 F.2d 728, 729 (6th Cir. 1986).

Nandi contends that he duly filed proper claims for refund within the statute of limitations under 26 U.S.C. § 6511(a). First, Nandi relies on a letter from TAS, which states that TAS filed IRS Form 843 'Claim for Refund and Request for Abatement' for tax years 2008 and 2009 on his behalf. While the TAS letter says these claims were denied by the IRS. The parties' joint stipulation of facts does not include copies of the Form 843, nor has Nandi and his counsel provided copies of these claims for refund. The IRS does not have any record of these allegedly filed claims for refund by the TAS. Thus, Nandi has not provided sufficient evidence for the Court to find that he duly filed

3

claims for refunds for tax years 2008 and 2009 as required under §§ 7422(a) and 6511(a).

Next, Nandi asks the Court to rely on additional facts that are not in the parties' joint stipulation of facts. Nandi argues that he filed requests for Collection Due Process (CDP) hearings on March 29, 2010 for tax year 2008 and on April 13, 2011 for tax year 2009. Nandi says the CDP hearings were conducted and the IRS denied his claims for refund for those tax years. Nandi argues that his filing to request CDP hearings were informal claims for refund pursuant to § 6511(a). However, Nandi cannot rely on the CDP hearings as evidence that he filed claims for refund for two reasons. First, the parties' joint stipulation of facts, which encompasses the entire record of this case, does not contain the CDP Hearing requests. It is well established that "parties are bound by, and cannot contradict, their stipulations." *Christian Legal Soc. Chapter of the University of California, Hastings College of Law v. Martinez*, 561 U.S. 661, 662 (2010). Accordingly, the Court cannot consider these requests as evidence of duly filing claims for refund.

Second, even if the CDP hearing requests were permissible, these requests do not support Nandi's contention that he duly filed claims for refunds; the requests are irrelevant to the income tax refund claims at issue here. CDP hearings are governed by 26 U.S.C. § 6330(b), which grants taxpayers the right to notice and to a hearing before a lien or levy is placed on property. *Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 624 (6th Cir. 2005). CDP hearings are collection procedures available to individuals who received either a notice of a federal tax lien or a notice of intent to levy from the IRS as a result of unpaid tax liabilities. *Id.* Thus, CDP

proceedings regarding tax liens or levies on property have no bearing on refund claims for income tax penalties.

Since Nandi cannot show that he duly filed claims for refund with the IRS for tax years 2008 and 2009, the Court lacks subject matter jurisdiction; Nandi failed to properly file administrative claims for refund with the IRS before filing this action.

### IV. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Nandi's claims and the complaint is dismissed. Nandi's motion for summary judgment is moot.

**IT IS ORDERED**.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: December 23, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 23, 2015.

s/Linda Vertriest
Deputy Clerk

---

5